**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| RICKY PERALEZ, on behalf of himself and others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>THE WASHINGTON DEPARTMENT OF CORRECTIONS, HAR0LD CLARKE, DOUGLAS WADDINGTON, BELINDA STEWART, KEVIN SHANAHAN, JEAN STEWART, and JOHN DOES 1-20, employees and officials of the Washington Department of Corrections and/or Stafford Creek Corrections Center,<br><br>　　　　　　　　　Defendants. | **Case No. C06-5625 JKA**<br><br>**ORDER RE:**<br><br>**(1) Plaintiff's Motion for Partial Summary Judgment; and**<br><br>**(2) Clarifying/Amending Class Description** |

　　　　This matter comes before the court on Plaintiff's Motion for Partial Summary Judgment (Dkt# 42). The court has considered all materials submitted in support of and in response to said motion. Additionally, the court has considered the oral arguments of counsel offered this date.

　　　　Having considered the foregoing, and having engaged in dialogue with counsel on the record regarding plaintiff's motion for partial summary judgment and the interrelationship between counsels' arguments and the class definition as it currently stands (Dkts# 33 and 37), the parties have stipulated, with one exception, to the court granting plaintiff's motion for partial summary judgment and amending/clarifying the class definition as follows:[1]

---

[1] The parties' stipulation above referenced excludes the issue of whether plaintiff's burden is a "substantial" or "motivating" factor in excluding otherwise eligible ADA disabled individuals. Having considered the cited case law as well as oral argument on this issue, the court concludes that "motivating factor" is the appropriate test. See *Head v. Glacier Northwest, Inc*., 413 F.3d 1053, 1063-68 (9th Cir. 2005).

ORDER
Page - 1

**IT IS HEREBY ORDERED AS FOLLOWS:**

**1. Plaintiff's Motion for Partial Summary Judgment**.  To the extent the Washington State Department of Corrections (DOC) utilizes a practice of scoring inmate offenders according to the numerical profiling system known as PULHESDXT – and then uses that score as a motivating factor to exclude otherwise eligible ADA disabled offenders from the DOC's Work Release Program – such practice violates Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and 42 U.S.C. 1983.

**2.  Clarification/Amendment of Class Definition.**  The class definition is hereby clarified/amended to read as follows:

> **All otherwise eligible ADA disabled inmates of the Washington Department of Corrections (DOC) who, from October 30, 2003, through January 2008 have been partially or wholly denied participation in the DOC Work Release program, provided that a PULHESDXT score of "3" or "4" was a motivating factor in determining the work release denial.**

Dated this 8th day of January, 2008.

>  **/s/ J. Kelley Arnold**
>  **J. Kelley Arnold, U.S. Magistrate Judge**